IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
RUSSZELL RUSSELL, )
 )
      Petitioner, )
  v. ) No. 10 C 2699
 )
DAVE REDNOUR, Warden, Menard )
Correctional Center, )
 )
      Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Russzell Russell's (Russell) petition for writ of habeas corpus (Petition). For the reasons stated below, the court denies the Petition.

## BACKGROUND

In 2004, a jury convicted Russell in Illinois state court of first degree murder for shooting an individual in the back of the head during an attempted armed robbery. Russell was sentenced to seventy years in prison. Russell appealed the conviction, and on October 26, 2007, the Illinois Appellate Court affirmed the conviction. Russell filed a petition for leave to appeal to the Illinois Supreme Court (PLA), which was denied on January 30, 2008.

1

On July 30, 2008, Russell filed a post-conviction petition, and on September 30, 2008, the petition was summarily dismissed. Russell appealed the dismissal and his counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). (R Ex. H 1). On September 8, 2009, the Illinois Appellate court concluded that no meritorious issues were present and granted counsel's motion to withdraw. (R Ex. J). On October 16, 2009, Russell filed a PLA on his post-conviction appeal, which was denied on January 27, 2010. On April 30, 2010, Russell filed the Petition in this action.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently

2

than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Russell argues in his Petition: (1) that his trial counsel was ineffective for failing to call Russell to testify during the hearing on his motion to suppress (Claim 1), (2) that his appellate counsel on his direct appeal (Appellate Counsel) was ineffective for failing to raise his trial counsel's failure to object to or preserve for review what Russell deemed to be suggestive lineup procedures (Claim 2), (3) that his Appellate Counsel was ineffective for failing to raise his trial counsel's failure to preserve for review the argument that Russell's statement was involuntary (Claim 3), and (4) that his Appellate Counsel was ineffective for failing to raise his trial counsel's failure to object the jury instruction on the issue of identification testimony (Claim 4).

I. Procedurally Defaulted Claims

Respondent argues that Claims 2, 3, and 4 are procedurally defaulted and that

3

there is no justification to excuse the default.

### A. Defaulted Claims

Respondent contends that Russell failed to raise Claims 2, 3, and 4 through one complete round of the state appellate process and that they are thus defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a

4

question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

Respondent argues that Russell failed to fairly and fully present claims 2, 3, and 4 to the state courts. We have liberally construed Russell's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Claims 2, 3, and 4 all involve alleged ineffective assistance of counsel by Russell's Appellate Counsel. Russell argued in his PLA on his post-conviction appeal that his trial counsel and Appellate Counsel "provided ineffective assistance of counsel in violation of both the United States and Illinois Constitutions respectfully." (R Ex. K 26). However, Russell failed to specifically indicate why his Appellate Counsel was ineffective. Russell argues that it was clear to the Illinois Supreme Court that he was intending to pursue the same claims that he had presented in his post-conviction petition. (Reply 4-5). However, in the habeas context, a petitioner is deemed to have presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law. . . ." *Johnson*, 574 F.3d at 431; *see also Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them"). Thus, Russell failed to fairly and fully present claims 2

and 3. In regard to Claim 4, which related to the failure to object to the jury instruction, although Russell included some of the underlying facts in his PLA on his post-conviction appeal, Russell did not fairly alert the Illinois Supreme Court that Russell was intending to argue that his Appellate Counsel was ineffective in regard to the jury instruction issue. (R Ex. K 24-26). Thus, Russell failed to fully and fairly present claims 2, 3, and 4, and the claims are therefore procedurally defaulted.

### B. Whether Defaults Can be Excused

Respondent argues that there are no facts in this case that provide a justification to excuse the defaults of the claims. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*,

6

628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

### 1. Cause and Prejudice

Respondent argues that Russell has not shown cause and prejudice to excuse the defaulted claims in his Petition. Generally, in order to show cause for defaulted claims, a petitioner must show "that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026). A petitioner can establish prejudice by "showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026)(emphasis in original). In the instant action, Russell has not provided facts showing that he was prevented from presenting his claims in a manner that would have avoided the procedural default. Russell contends that the "Illinois law mislead [sic] him or operated as an objective factor which impeded his ability to allege sufficient facts in support of his ineffective assistance claim." (Reply 8). However, Russell has not shown that any ambiguities in Illinois law prevented him from fairly and fully presenting his claims and therefore he has not shown cause to excuse the procedural defaults. Nor has Russell provided facts that show that he suffered a prejudice, as required to excuse

the procedural defaults.

### 2. Fundamental Miscarriage of Justice

Respondent contends that Russell has failed to show that the procedural defaults should be excused based on a fundamental miscarriage of justice. A review of the record indicates that there was ample evidence that shows that Russell was guilty of murder, including a videotaped confession and the testimony of two eyewitnesses. (R Ex. A 2-3). The record does not indicate that the failure to excuse the procedural defaults would create a fundamental miscarriage of justice in this case. Thus, based on the above, Claims 2, 3, and 4 are procedurally defaulted and there is no justification to excuse the default.

The court notes that we have reviewed the record in this matter and that even if Claims 2, 3, and 4 were not procedurally defaulted, they lack any merit. Russell has not shown that his Appellate Counsel's conduct was beyond the scope of effective assistance of counsel. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(explaining the standard for evaluating a claim of ineffective assistance of counsel). In regard to Claims 2, 3, and 4, Russell has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.

II. Lack of Testimony by Russell at Suppression Hearing (Claim 1)

Respondent argues that Claim 1 is without merit. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland*, 466 U.S. at 687-88 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance" )(quoting in part *Strickland*, 466 U.S. at 689). Russell argues in Claim 1 that his trial counsel was ineffective for failing to call Russell to testify during the hearing on his motion to suppress.

Russell filed a motion to suppress his videotaped confession. (Mot. Supr. 1). Russell argued in his motion to suppress that during an interrogation, police officers continued to interrogate Russell after he had invoked his right to remain silent and to consult with an attorney. (Mot Supr. 2). Russell also argued that his confession was ultimately obtained through coercion, claiming that he was kept in one room for a long period of time and that he was physically assaulted by police officers. (Mot.

9

Supr. 2). The Illinois Appellate Court concluded on direct appeal that his trial counsel was not ineffective for failing to call Russell as a witness at the suppression hearing because: (1) the decision was a strategic decision, (2) Russell had not shown that his testimony would have materially altered the ruling on the motion to suppress, and (3) even if the videotaped confession had been suppressed, Russell had not shown that the trial verdict would have been different. (R Ex. A 9-15). Under the review standard for habeas corpus, the Antiterrorism and Effective Death Penalty Act "'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Felkner v. Jackson*, 2011 WL 940865, at *3 (2011)(quoting in part *Renico v. Lett,* 130 S.Ct. 1855, 1862 (2010))(finding that "[t]he state appellate court's decision was plainly not unreasonable").

The court finds that the Illinois Appellate Court's decision was plainly not unreasonable. The decision of trial counsel whether to call Russell to testify at his suppression hearing was a strategic decision and was not beyond the boundaries of effective assistance of counsel. The "role" of a court reviewing a habeas petition is not "to second-guess counsel's strategic decisions. . . ." *United States v. Recendiz*, 557 F.3d 511, 532 (7th Cir. 2009). There were a variety of factors for Russell's trial counsel to consider. For example, as Respondent points out, if Russell had testified at the suppression hearing, his testimony could have been admissible against him at trial if he had chosen to testify. *People v. Sturgis*, 317 N.E.2d 545, 548 (Ill.

10

1974)(holding that "testimony of a defendant or documents voluntarily attested to by him in conjunction with his motion to suppress evidence may not be introduced by the State directly in its case in chief but may be used for purposes of impeachment should the defendant choose to testify at trial"). In addition, the Illinois Appellate Court correctly noted that presenting Russell's testimony at the suppression hearing would have provided the prosecution with a "dress rehearsal" for the trial and would thus have assisted the prosecution's case at trial. (R Ex. A 10). Russell has not shown that his trial counsel's decision was beyond the scope of effective assistance of counsel. *See Recendiz*, 557 F.3d at 532 (stating that "[w]ithout record of an attorney's motives, 'every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight'")(quoting in part *United States v. Taglia,* 922 F.2d 413, 417-18 (7th Cir. 1991). Russell also argues in his reply that, even if Russell did not testify at his suppression hearing, his counsel could have pursued other options. (Reply 13). However, this court's role is not to second-guess the decisions of counsel based on hindsight, and Russell has not shown that his trial counsel's decisions were beyond the boundaries of effective assistance of counsel. *Recendiz*, 557 F.3d at 532.

Russell has also failed to show prejudice from the alleged error by his trial counsel. In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . .'"

11

*Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)(quoting *Strickland,* 466 U.S. at 694). Even if Russell had testified at the suppression hearing, he has not shown that his testimony would have been credible or sufficient to cause the trial court to grant his motion to suppress in light of the totality of the evidence. As the Illinois Appellate Court pointed out, if Russell had testified at the suppression hearing, the only evidence of coercion was Russell's testimony and Russell lacked corroborating medical evidence or testimony by other witnesses. (R Ex. A 1-3, 11-12). In addition, Russell was not shown that the suppression of the videotaped confession would have been sufficient to alter the outcome in his trial. The record reflects ample evidence upon which to convict Russell, including testimony by two eyewitnesses that identified Russell in a lineup as the shooter. (R Ex. A 1-5). The record also reflects that after the shooting, an unmarked squad car spotted a car (Car) that matched the description and license plate number given by an eyewitness to the shooting. (R Ex. A 5). The record further indicates that a car chase ensued until the Car slowed and that Russell and a passenger exited the Car and fled from the police on foot. (R Ex. A 5). The record additionally indicates that Russell was then chased down on foot and apprehended by police. (R Ex. A 5). Thus, there was ample evidence upon which to convict Russell, even if the jury had not been presented with the videotaped confession.

Based on the above, Russell has not shown, in regard to Claim 1, that the state court proceedings resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Russell has not shown that Claim 1 has any merit. The court therefore denies the Petition in its entirety.

## CONCLUSION

Based on the foregoing analysis, the court denies the Petition in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2011